UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| **ERIC JAMAR INGRAM BEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **Civil Action Number** |
| v. | ) **3:21-CV-01499-AKK** |
| | ) |
| **DEVAN FRANKS, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

### MEMORANDUM OPINION

The court has for consideration Eric Jamar Ingram Bey's motion to proceed *in forma pauperis*, doc. 2. The motion caused the court to review the complaint, doc. 1, to assess whether it states a viable claim to relief. *See* 28 U.S.C. § 1915(e)(2).[1] As the court will explain, Bey's complaint, doc. 1, is frivolous and fails to state a viable claim to relief, and Bey's motion, doc. 2, is due to be denied.

### I.

Bey asserts that a municipal court judge in Muscle Shoals unconstitutionally exercised jurisdiction over him after Bey received a traffic citation for an improper license plate in Colbert County. *See* doc. 1 at 1, 3. In support, Bey contends that

---

[1] Under this provision, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid," the court "shall dismiss the case at any time" if it determines that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2).

he is a "Cherokee Moor, Foreign National" and that, under Articles I and VI of the Constitution and an 1866 treaty between the United States and the Cherokee Nation, Bey is not subject to the municipal court's jurisdiction or laws requiring the proper registration of his vehicle. *See id.* at 2–3.

As an initial matter, Bey previously filed a lawsuit against the same defendants—Officer Devan Franks, Judge Bill Marthaler, attorney Mitch Hayes, and the Municipality of Muscle Shoals—raising identical contentions under a treaty formed between the United States and Morocco between 1795 and 1836. *See Bey v. Franks*, No. 3:21-CV-01230-LCB, 2021 WL 4593325, at *1 (N.D. Ala. Oct. 6, 2021). And this lawsuit came on the heels of a previous lawsuit in which Bey first alleged that the United States-Morocco treaty, and later, a treaty with the Cherokee Nation, meant that Alabama, Colbert County, and the United States could not tax his property because he was a "Moorish American National." *See* docs. 1; 8 in *Bey v. Alabama*, No. 3:21-CV-01263-AKK, 2021 WL 4553118 (N.D. Ala. Oct. 5, 2021). Both cases were dismissed with prejudice after informing Bey that Moorish Americans, like all United States citizens, are subject to the laws of the jurisdiction in which they reside. *See Bey*, 2021 WL 4593325, at *2; *Bey*, 2021 WL 4553118, at *1.

The court must construe *pro se* pleadings like this one liberally. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Even still, the

court questions whether Bey can pursue the present suit given that he continues to raise essentially the same arguments against identical defendants that he previously raised in cases dismissed with prejudice.  *See* FED. R. CIV. P. 41(b).  Nonetheless, even construing Bey's claims as at least somewhat different from those he raised previously, Bey does not plead a viable claim to relief.

As courts have recently and routinely held, asserting one's status as a Moorish American, like asserting "sovereign citizenship," does not justify noncompliance with state law or prevent a court from properly exercising jurisdiction.² Nor do the cited statutes, cases, or treaties provide Bey with such exemptions.  *See Metaphyzic El-Ectromagnetic Supreme-El*, 2015 WL 1138246, at *3 (citing *Johnson-El v. United States*, 650 F.2d 288 (Ct. Cl. 1980)).  As a colleague on the bench noted in one of Bey's suits, "an individual's declaration of Moorish National Citizenship does not deprive a municipality of the right to issue citations regarding property within the municipality's boundaries."  *Bey*, 2021 WL 4593325, at *2; *see Bey v. City of Tampa Code Enf't*, 607 F. App'x 892, 897 (11th Cir. 2015).  As a result, Bey's complaint is frivolous, does not state a viable claim to relief, and must be dismissed.

---

² *See, e.g.*, *United States v. Jackson*, 859 F. App'x 389, 390 n.2 (11th Cir. 2021) (noting that arguments relying on one's status as "part 'of the Cherokee Nation of Moors'" overlap with those put forward by "purportedly 'sovereign citizens'"); *United States v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017); *Ausar-El v. Hogan*, No. PJM-19-3040, 2020 WL 1187139, at *2 (D. Md. Mar. 12, 2020); *Abdullah v. New Jersey*, No. 12-4202 (RBK), 2021 WL 2916738, at *3 (D.N.J. July 16, 2012); *Metaphyzic El-Ectromagnetic Supreme-El v. Director, Dep't of Corr.*, No. 3:14CV52, 2015 WL 1138246, at *3 (E.D. Va. Mar. 3, 2015).

*See* 28 U.S.C. 1915(e)(2); *Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990) ("A lawsuit is frivolous if the 'plaintiff's realistic chances of ultimate success are slight.'").

## II.

In addition, Bey's motion to proceed *in forma pauperis*, doc. 2, is due to be denied. The right to proceed *in forma pauperis* in civil matters is "a privilege extended to those unable to pay filing fees." *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969). The court must therefore determine "whether the statements in the affidavit [for the IFP motion] satisfy the requirement of poverty." *Watson v. Ault*, 525 F.2d 886, 891 (11th Cir. 1976). An affidavit is sufficient "if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004).

Though Bey contends that he is not presently employed, has received no income, wages, or rents in the last year, does not have money in a bank account, and "[does] not own any property of value," *see* doc. 2 at 1, at least one of his contentions appears demonstrably false. Bey's complaint asserts that he "is the equitable title holder of the 2012 Mustang" which has apparently "been conveyed" to a "trust known as 'Eric Jamar Ingram Bey Living Trust.'" Doc. 1 at 3. Though it is not obvious what this means for Bey's vehicle, it is fairly apparent from the pleadings

that Bey owns at least some property of value. Bey also claims that he is "in debt to the Creditor Moorish National Republic of Peace" for "999 [] trillion in pure silver or the equivalent in U.S. Dollars or Noble Dollars of Moorish National Republic of Peace by Private Indemnity Bond and Security Agreement," doc. 2 at 1, but this assertion also seems dubious. Thus, the court is unconvinced that Bey is unable to pay the court fees and costs based on his affidavit, which is not "sufficient on its face to demonstrate economic eligibility." *See Martinez*, 364 F.3d at 1307.

## III.

In short, the complaint, doc. 1, is due to be dismissed with prejudice because it is frivolous and fails to state a viable claim to relief, *see* 28 U.S.C. § 1915(e)(2), and Bey's motion to proceed *in forma pauperis*, doc. 2, is due to be denied. The court will enter a simultaneous order effectuating this decision.

**DONE** the 12th day of November, 2021.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE